1

2

3                    **UNITED STATES DISTRICT COURT**

4                   **NORTHERN DISTRICT OF CALIFORNIA**

5                          **SAN JOSE DIVISION**

6

7    DEANNA RAE PORTER WEESE-HEFT,              Case No.  15-cv-02659-BLF

          Plaintiff,

8

          v.                                    **ORDER OF DISMISSAL**
9
                                                [Re: ECF 18]
    U.S. GOVERNMENT, et al.,
10
          Defendants.
11

12

13        Plaintiff Deanna Rae Porter Weese-Heft filed this *pro se* action on June 12, 2015, alleging

14   that the United States, the DOJ, and the FBI ("Defendants") caused her damage by not respecting

15   the Constitution throughout her life. Compl., ECF 1. Plaintiff has failed to take any action in this

16   case since October 20, 2015. In light of Plaintiff's failure to comply with Court orders, on

17   December 18, 2015, the Court issued an order to show cause and a notice of imminent dismissal to

18   Plaintiff warning that failure to comply with Court orders would result in dismissal of this action

19   with prejudice under Fed. R. Civ. P. 41(b). ECF 18. The Court ordered Plaintiff to file a response

20   to the Order to Show Cause by January 21, 2016. *Id*. To date, Plaintiff has failed to respond.

21   Accordingly, the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b).

22   **I.    BACKGROUND**

23        Plaintiff filed this action on June 12, 2015, alleging that she has "been damaged by the

24   D.O.J. and F.B.I. and by them not respecting the Constitution of these United States and in fact my

25   right to live by my son being tortured in Santa Clara County Juvinille [*sic*] Hall over years with no

26   help from Federal entities named in this law suit [*sic*], upon their arrival." Compl., ¶ 5. Plaintiff

27   requests $100 billion in damages. *Id.* ¶ 6.

28        On August 6, 2015, Plaintiff filed a brief that may be characterized as an amended

1  complaint. ECF 5. The document summarizes Plaintiff's family history, appears to describe abuse

2  of her son by county agencies, and mentions her own arrests, solitary confinement, and torture. *Id.*

3  On August 14, 2015, Plaintiff filed a second brief that expands upon the same topics. ECF 7.

4          On August 25, 2015, Magistrate Judge Howard R. Lloyd issued a Report and

5  Recommendation, finding that Plaintiff failed to allege legally coherent theories of liability and

6  recommending that the Court dismiss Plaintiff's complaint with leave to amend. ECF 9. On

7  September 21, 2015, this Court adopted the Report and Recommendation and directed Plaintiff to

8  file any amended pleading by no later than October 12, 2015. ECF 12.

9          On September 21, 2015, Plaintiff appealed the Dismissal Order. ECF 14. On October 20,

10  2015, the Ninth Circuit dismissed the appeal, ECF 15, and that order took effect on December 15,

11  2015, ECF 16.

12          Because Plaintiff had not filed an amended complaint by the ordered deadline, nor taken

13  any action in this case since the appeal was dismissed, on December 18, 2015, the Court issued an

14  order to show cause by January 21, 2016 why this case should not be dismissed for failure to

15  comply with court orders. To date, Plaintiff has not filed and served an amended complaint or

16  responded to the Order to Show Cause.

17  **II.    LEGAL STANDARD**

18          Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of an action "[i]f

19  the plaintiff fails to prosecute or to comply with these rules or a court order." The Rule permits a

20  court to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

21  Before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the

22  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

23  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

24  their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Calif. Amplifier*, 191

25  F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

26  Cir.1986)).

27  **III.   DISCUSSION**

28          Plaintiff has failed to comply with the Court's orders, including the Dismissal Order,

United States District Court
Northern District of California

1   which gave leave to amend, and the Order to Show Cause, which provided notice of imminent

2   dismissal. These failures can serve as grounds for dismissal if the *Henderson* factors favor

3   dismissal. *See Yourish*, 191 F.3d at 986.

4       Here, four of the five *Henderson* factors strongly favor dismissal. Dismissal serves the

5   public's interest in expeditious resolution of litigation because Plaintiff's inaction has stalled this

6   case since September 2015. Plaintiff failed to file and serve an amended complaint within the

7   allotted time, to seek an extension of time to amend, or to respond in any way to the Dismissal

8   Order or the Order to Show Cause. With respect to the second factor, Plaintiff's conduct has

9   interfered with the Court's need to manage its docket because Plaintiff has repeatedly ignored the

10  Court's orders by not filing an amended complaint within the time allotted, and by not responding

11  to the Order to Show Cause. As to the third factor, failure to dismiss this action would prejudice

12  Defendants, who are entitled to notice and resolution of Plaintiff's claims. The fourth factor—the

13  public policy favoring disposition of cases on their merits—does not favor dismissal. Finally, as to

14  the fifth factor, the Court sees little point in imposing less severe sanctions because Plaintiff has

15  shown no interest in complying with this Court's orders. The Court's Order to Show Cause

16  expressly warned Plaintiff of the potential for imminent dismissal under Rule 41(b) and Plaintiff

17  did not respond. "The failure of the plaintiff eventually to respond to the court's ultimatum—

18  either by amending the complaint or by indicating to the court that it will not do so—is properly

19  met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058,

20  1065 (9th Cir. 2004).

21  **IV.   ORDER**

22      Accordingly, the record supports dismissal with prejudice pursuant to Rule 41(b) and the

23  Court hereby DISMISSES all claims against Defendants WITH PREJUDICE.

24      **IT IS SO ORDERED.**

25  Dated: January 29, 2016

26  _____
    BETH LABSON FREEMAN
27  United States District Judge

28

3